J-S33041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                       :              PENNSYLVANIA
                                       :

            v.                        :
                                       :
                                     :

HAROLD J. FITZGERALD, JR.      :
                                     :

          Appellant        :     No. 2120 EDA 2017

Appeal from the Order May 30, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0005467-1993

BEFORE:   OTT, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:            **FILED JUNE 29, 2018**

Appellant, Harold J. Fitzgerald, Jr., appeals from the May 30, 2017, order entered in the Court of Common Pleas of Delaware County, which denied his counseled "Petition for Extraordinary Relief." After a careful review, we affirm.

The relevant facts and procedural history have been previously set forth by this Court, in part, as follows:

> On April 7, 1994, [Appellant] was charged by criminal information with criminal conspiracy, simple assault, aggravated assault, recklessly endangering another person, terroristic threats, harassment, robbery, theft by unlawful taking, receiving stolen property, retail theft, and disorderly conduct. The charges stemmed from an incident that occurred on December 22, 1993. On August 22, 1994, [Appellant] pled guilty to conspiracy and robbery, and the Commonwealth nol prossed the remaining charges. On October 12, 1994, [the trial court] sentenced him to eight [months] to twenty-three months of incarceration. [Appellant] filed a motion for reconsideration of his sentence, which [the trial court] denied on November 6, 1994. [Appellant]

_____
*   Former Justice specially assigned to the Superior Court.

did not file an appeal from his judgment of sentence or seek relief pursuant to the Post Conviction Relief Act ("PCRA").[1]

On August 1, 2014, [Appellant] filed a counseled petition for expungement of his criminal record. The Commonwealth filed an objection to [Appellant's] petition on August 20, 2014, asserting that [Appellant] did not meet the legal criteria for an expungement of his convictions. Following a hearing on the petition and the Commonwealth's objection thereto, [the trial court] denied [Appellant's] request for expungement.

On October 17, 2014, [Appellant] filed a *pro se* [] petition asserting that the "record [] show[s] the incorrect disposition of my charges. I appealed and the court overturned my plea and struck it. [The trial court] struck my plea [s]o records are wrong." [Appellant] attached to his [] petition a document purportedly from the United States Department of Justice indicating on one page that [Appellant's] robbery conviction was nol prossed or withdrawn and on another page indicating that he was sentenced on the same robbery charge to eight to twenty-three months of incarceration. [The trial court] denied relief on October 24, 2014, treating the [] petition as another motion for expungement.

On November 21, 2014, [Appellant] filed a *pro se* notice of appeal, and after receiving an extension of time from the trial court, timely filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on January 15, 2015. [Appellant] appended to his [Rule] 1925(b) statement the "entire printout" he received from the United States Department of Justice, which indicated on page two that he was sentenced for conspiracy and robbery to eight [months] to twenty-three months of incarceration, with the remaining charges nol prossed, but stated on page three that the robbery charge was nol prossed. This Court dismissed this appeal on May 19, 2015[,] because of [Appellant's] failure to file an appellate brief.

Meanwhile, on March 17, 2015, [Appellant] reportedly sent to [the trial court] a *pro se* motion to add to the record a Delaware County Community College transcript, which [Appellant] averred was proof that he did not serve the sentence of incarceration for his robbery and conspiracy convictions. He did not file this motion of record. Nonetheless, [the trial court] issued an order on March 26, 2015[,] dismissing the motion.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

On April 7, 2015, [Appellant] filed a *pro se* motion requesting that [the trial court judge] "strike the proceedings in which he sat on and to remove himself from said matter." He based his request upon the fact that [the trial court judge] was a member of the Delaware County District Attorney's Office at the time [Appellant] committed the underlying robbery. [The trial court] denied this motion on April 10, 2015. In his order, [the trial court judge] stated that although he was a member of the Delaware County District Attorney's Office at the time of [Appellant's] arrest, his assigned duties at that time did not involve him in [Appellant's] case, nor did he recall any information concerning [Appellant's] convictions.

On April 24, 2015, [Appellant] sent [the trial court] a request to "expand" the record in this matter, seeking to include printouts from a New York Repository Inquiry, FBI Criminal Record Inquiry, and his criminal record sent to FCI Fort Dix. The trial court denied this motion on April 27, 2015, and ordered that the Delaware County Office of Judicial Support file the motion of record, which it did on May 5, 2015.

On April 27, 2015, [Appellant] sent to [the trial court] a *pro se* notice of appeal of the trial court's denial of [Appellant's] motion to strike and recuse, which [the trial court] had docketed and filed of record on May 5, 2015. The trial court issued an order for [Appellant] to file a [Rule] 1925(b) statement on May 5, 2015. On June 8, 2015, having not received a response to its [Rule] 1925(b) order, the trial court issued a written opinion pursuant to Pa.R.A.P. 1925(a) finding waiver of all issues because of [Appellant's] failure to file his [Rule] 1925(b) statement. On June 12, 2015, [Appellant] filed his [Rule] 1925(b) statement, dated May 30, 2015.

***Commonwealth v. Fitzgerald***, No. 1352 EDA 2015, at 1-3 (Pa.Super. filed 11/30/15) (unpublished memorandum) (footnote added) (citations to record and footnotes omitted).

Concluding Appellant waived his issues by failing to file a timely *pro se* Rule 1925(b) statement, this Court quashed the appeal on November 30, 2015. ***See id.***

- 3 -

On April 24, 2017, Appellant filed a counseled "Petition for Extraordinary Relief." Therein, Appellant relevantly averred the following:

3. On August 22, 1994, it appears from [Appellant's] state and federal criminal record that he entered 'a guilty plea' to the charges of criminal conspiracy and robbery, before the [] Court of Common Pleas of Delaware County, all other charges were Nolle Prossed.

***

8. It is [Appellant's] contention that his convictions on robbery and criminal conspiracy charges were subsequently Nolle Prossed by the Commonwealth and the Court.

9. A review of [Appellant's] federal record indicates that the criminal conspiracy and robbery charges were "non-conviction/nolle prossed/withdrawn," as were the other eight (8) charges on [Appellant's] record in the United States Department of Justice.

10. The prison records from the George W. Hill Correctional Facility indicate that [Appellant] never served a sentence of eight (8) to twenty-three (23) months on a conviction for conspiracy or robbery arising out of the guilty pleas which [Appellant] contents [*sic*] had been withdrawn and nolled prossed.

11. Subsequent to the within case, [Appellant] was arrested by agents of the United States Department of Justice and charged with Conspiracy to distribute more than five kilograms of cocaine, and possession with the intent to distribute more than five kilograms of cocaine, violations of 21 U.S.C. § 841(a)(1), Class A felonies; The maximum term of imprisonment is life, with 10 years minimum mandatory; There is a maximum fine of $4 million, and a special assessment of $100, each; The minimum term of supervised release is of four years; Possession with intent to distribute more than five hundred grams of cocaine, a violation of 21 U.S.C. § 841(a)(1), a Class B felony.

12. As a result of the charges in paragraph eleven and above, [Appellant] was found guilty and sentence[d] on December 2, 2010, to a term of imprisonment of 240 months in a federal correctional facility.

13. [Appellant] underwent a presentence investigation and as a result of his Delaware County record showing that he was convicted of criminal conspiracy and robbery, his federal

sentencing guidelines were a level III, where he received thirty-four (34) points on the sentencing grid, instead of a level II where his points would have been less.

Appellant's Counseled Petition for Extraordinary Relief, filed 4/24/17, at 1-4.

Ultimately, Appellant requested that the lower court vacate his convictions and judgment of sentence of record for the case *sub judice* and enter an order nolle prossing all charges.

On May 25, 2017, Appellant proceeded to a hearing on the matter at which Appellant specifically indicated that he was not seeking expungement of his criminal record;[2] but rather, he was seeking a lower court order correcting the record to indicate that all charges against Appellant, including the conspiracy and robbery charges, were nolle prossed. N.T., 5/25/17, at 7-9. In support of his argument, Appellant testified that, after discovering Appellant had enrolled in college and had several letters indicating he was of "good character," the Commonwealth nolle prossed all charges in open court.

---

[2] The Crimes Code defines "expunge" as follows:
    (1) To remove information so that there is no trace or indication that such information existed;
    (2) to eliminate all identifiers which may be used to trace the identity of an individual, allowing remaining data to be used for statistical purposes; or
    (3) maintenance of certain information required or authorized under the provisions of section 9122(c) (relating to expungement), when an individual has successfully completed the conditions of any pretrial or posttrial diversion or probation program.
18 Pa.C.S.A. § 9102.

*Id.* at 37-39.  Appellant contends that, when the trial court filed an order on October 12, 1994, which indicated Appellant pled guilty to the two charges (conspiracy and robbery) and was sentenced to eight months to twenty-three months in prison, the trial court erred.  Thus, Appellant requested the court correct the certified record to reflect that all charges had been nolle prossed by the Commonwealth.

Concluding it lacked jurisdiction to address Appellant's petition and/or the petition was meritless, the lower court denied Appellant's petition for extraordinary relief on May 30, 2017, and this timely, counseled appeal followed.  All Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant presents the following issues (verbatim):

I.     Whether the Post Conviction Court erred when it determined that the motion for extraordinary relief was without merit[?]

II.    Whether the Post Conviction Court erred when it refused to admit records supporting [Appellant's] testimony that the robbery and conspiracy charges were nolle prossed on the theory that the records were not authenticated and were hearsay[?]

III.   Whether the Post Conviction Court erred when it determined it lacked [] jurisdiction[?]

Appellant's Brief at 2.

Initially, we address Appellant's third issue first.  It is well-settled that, under established Pennsylvania precedent, "the PCRA is intended to be the sole means of achieving post-conviction relief."  *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa.Super. 2013) (citations omitted).  Accordingly, any petition for post-conviction collateral relief will generally be considered under

- 6 -

the auspices of the PCRA, notwithstanding the title given to the petition, if the petition raises issues cognizable under the PCRA. ***See Commonwealth v. Peterkin***, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542.

A claim is cognizable under the PCRA if it challenges the petitioner's conviction, sentence, or the effectiveness of counsel during the plea process, trial, appeal, or PCRA review. 42 Pa.C.S.A. § 9543. In the case *sub judice*, Appellant attacks the validity of his convictions by virtue of the process that led to the trial court's entry of his guilty plea to two charges, which in turn resulted in his judgment of sentence. Specifically, he avers the Commonwealth announced in open court that it nolle prossed all charges, and thus, the trial court had no authority to enter guilty pleas and impose a sentence on two of the charges. We conclude this issue presents a challenge to the validity of Appellant's convictions and the legality of his sentence such that it is cognizable under the PCRA. ***See Commonwealth v. Jackson***, 30 A.3d 516 (Pa.Super. 2011).

With this in mind, we note that this is Appellant's first PCRA petition[3] and, with regard to the filing of petitions under the PCRA, this Court has observed:

> The filing mandates of the PCRA are jurisdictional in nature and are strictly construed. The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review

---

[3] As indicated *supra,* Appellant filed his petition with the assistance of counsel.

plenary. An untimely petition renders this Court without jurisdiction to afford relief.

***Taylor***, 65 A.3d at 468 (citations omitted). Thus, at this juncture, we must determine whether Appellant's April 24, 2017, petition was timely filed under the PCRA.

The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1).[4] A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i)     the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution

---

[4] The PCRA provides that where a petitioner's judgment of sentence became final on or before the effective date of the amendments (January 16, 1996), a special grace *proviso* allows first PCRA petitions to be filed by January 16, 1997. ***See Commonwealth v. Alcorn***, 703 A.2d 1054, 1056–57 (Pa.Super. 1997) (explaining application of PCRA timeliness *proviso*). Here, as discussed *infra*, Appellant's judgment of sentence became final before the effective date of the amendments; however, Appellant did not file his instant petition by January 16, 1997.

or the law of this Commonwealth or the Constitution or law of the United States;

(ii)      the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)      the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 596 Pa. 587, 596, 947 A.2d 714, 719 (2008) (citation omitted).

Here, Appellant's judgment of sentence became final on or about November 12, 1994, upon expiration of the time to file a direct appeal to this Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant's current petition, filed on April 24, 2017, was clearly filed more than one year of the date the underlying judgment became final. Thus, the petition is facially untimely.

Appellant does not raise or contend that any of the PCRA timeliness exceptions are applicable to his petition. However, this does not end our inquiry as he avers that, notwithstanding the PCRA, the lower court had the inherent power to "correct" the obvious mistakes in the record pursuant to 42

Pa.C.S.A. § 5505.[5] Specifically, Appellant suggests that, although our Supreme Court has held that courts are without jurisdiction to consider an untimely PCRA petition, it has also upheld the inherent authority of trial courts to correct patent mistakes in the record despite the absence of statutory jurisdiction. Thus, Appellant contends the trial court retained the inherent authority to correct the patent and obvious mistakes in this case, *i.e.*, the orders indicating Appellant pled guilty on two charges and was sentenced to eight months to twenty-three months in prison as opposed to the fact the Commonwealth actually nolle prossed all charges. He contends that, because of the obviousness of the mistakes, his record is amendable to correction even outside of the PCRA context through application of Section 5505. We disagree.

Pursuant to Section 5505, inherent jurisdiction has been recognized in cases where the trial court lacked statutory authority to correct orders. *See* ***Commonwealth v. Holmes***, 593 Pa. 601, 933 A.2d 57 (2007). However, as this Court noted in ***Jackson***, ***supra***, there is "no authority wherein the appellate courts of this Commonwealth have recognized a PCRA court's inherent jurisdiction to consider a claim filed after the expiration of the PCRA filing period." ***Id.*** at 519

_____

[5] Section 5505 provides: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S.A. § 5505.

In **Holmes**, our Supreme Court upheld the trial court's sentence modifications, recognizing that there is a "limited class of cases amendable to the exercise by a trial court of the inherent power to correct patent errors despite the absence of traditional jurisdiction." **Holmes**, 593 Pa. at 615, 933 A.2d at 65. The Supreme Court reasoned that this inherent jurisdiction would apply in the absence of jurisdiction under Section 5505 because the statute "was never intended to eliminate the inherent power of a court to correct obvious and patent mistakes in its orders, judgments and decrees." **Id.** (quotation omitted). Since the cases under consideration in **Holmes** "involve[d] clear errors in the imposition of sentences that were incompatible with the record. . .or black letter law," the Court held that the trial court possessed inherent jurisdiction to amend the sentences despite the absence of statutory jurisdiction under Section 5505. **Holmes**, 593 Pa. at 618, 933 A.2d at 67.

Nevertheless, the Supreme Court cautioned:

> Although. . .[courts have] the inherent power. . .to correct patent errors, we must also emphasize the limits of this power. This exception to the general rule of Section 5505 cannot expand to swallow the rule. In applying the exception to the cases at bar, we note that it is the obviousness of the illegality, rather than the legality itself, that triggers the court's inherent power. Not all illegal sentences will be amendable to correction as patent errors.

**Id.** at 617-18, 933 A.2d at 66-67.

In the case *sub judice*, Appellant's claim of jurisdiction under Section 5505 fails for two reasons. First, unlike the situation in **Holmes**, there was

no patent and obvious error in the entry of Appellant's convictions and corresponding judgment of sentence. In fact, the "mistake" alleged by Appellant in this case was created by Appellant's self-serving testimony that the Commonwealth nolle prossed the charges, despite no evidence of such in the record.

Second, even if there was an obvious mistake or illegality in Appellant's case, the PCRA court would not have had jurisdiction to consider Appellant's claims. As this Court held in **Jackson**, "**Holmes**[] recognized the limited authority of a trial court to correct patent errors in sentences absent statutory jurisdiction under [S]ection 5505; it did not establish an alternate remedy for collateral relief that sidesteps the jurisdictional requirements of the PCRA." **Jackson**, 30 A.3d at 521. To this end, we noted in **Jackson** that:

> [T]he cases. . .upholding inherent jurisdiction only consider this right in the context of jurisdiction to amend orders pursuant to Section 5505. Jurisdiction under Section 9545 [of the PCRA] was not at issue because the sentences were corrected within one year of the judgment of sentence becoming final.

**Id.** at 522 (footnote omitted).

In the case *sub judice*, Appellant filed his current petition years after the PCRA filing deadline had expired. Thus, the PCRA court would have to overcome two jurisdictional hurdles to "correct" the entry of his convictions and sentence: Section 5505 and Section 9545. **See id.**

> We have not found any decision in which our appellate courts have upheld, or in which a PCRA court has invoked, inherent jurisdiction absent statutory authority under [Section]

9545. Nor do we believe that a PCRA court could invoke its inherent jurisdiction after this deadline.

Inherent jurisdiction has been upheld as an exception to Section 5505 because Section 5505 was never intended to create a strict jurisdictional deadline for correcting orders where there is an obvious [mistake]. This intent is evident from the plain language of the statute. Section 5505 confers on the trial court an affirmative right to modify orders within 30 days after its entry if there is no appeal, and does not expressly limit this authority after the 30-day period has expired. Because Section 5505 does not directly prohibit a court from correcting an order after the deadline, our courts have recognized a limited equitable exception to the statute that permits a trial court to correct obvious illegalities in its sentences that are not discovered within the 30-day statutory period.

***

Further, our courts have interpreted jurisdiction under Section 9545 differently than Section 5505. Unlike Section 5505, Section 9545 does not merely grant a court authority to consider a PCRA petition for a limited period of time; it acts to divest a court of jurisdiction once the filing period has passed. Therefore, when the one-year filing deadline of Section 9545 has expired, and no statutory exception has been pled or proven, a PCRA court cannot invoke inherent jurisdiction to correct orders, judgments and decrees, even if the error is patent and obvious.

*Id.* at 522-23 (citation omitted).

Based on the aforementioned, we conclude Appellant's April 24, 2017, "Petition for Extraordinary Relief" was an untimely PCRA petition, and we reject his assertion that the lower court had inherent jurisdiction to vacate the entry of his convictions and corresponding judgment of sentence. Thus, we affirm the lower court's denial of the petition.[6]

_____

[6] On May 11, 2018, Appellant filed in this Court a motion for extension of time to file a reply brief, and on May 16, 2018, he filed the reply brief. We grant Appellant's motion and note that we considered the reply brief.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/29/18